1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

M. KURBEGOVICH,                          No. C-09-2203 TEH (PR)

          Plaintiff,

          v.                             ORDER OF TRANSFER

UNKNOWN FBI AGENTS,

          Defendant(s).

_____/

          Plaintiff, a prisoner at California State Prison, Corcoran
in Corcoran, California, and frequent litigant in federal court, has
filed a pro se civil rights complaint under 42 U.S.C. section 1983
alleging that all of his prison mail addressed to attorneys,
professors and journalists has been confiscated or destroyed by
"unknown FBI agents" due to the implementation of the 'Patriot
Act.'"  Doc. #1 at 1, 5.  Plaintiff also seeks to proceed in forma
pauperis under 28 U.S.C. section 1915.  Doc. #2.

          A substantial part of the events or omissions giving rise
to the claim(s) occurred in Kings County, which lies within the
venue of the Eastern District of California.  See 28 U.S.C. § 84(b).

Venue therefore properly lies in the Eastern District.   See id. § 1391(b).

Accordingly, in the interest of justice and pursuant to 28 U.S.C. section 1406(a) IT IS ORDERED that this action be TRANSFERRED to the United States District Court for the Eastern District of California.

Should Plaintiff choose to refile this action in the Eastern District of California and seek leave to proceed in forma pauperis under 28 U.S.C. section 1915, he is reminded that The Prison Litigation Reform Act of 1995 ("PLRA"), which was enacted, and became effective, on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. section 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date."  Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

Plaintiff has had three or more prior prisoner actions dismissed by this Court alone on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted.  See, e.g., Kurbegovich v. Webster, No. C 90-2075 TEH

(N.D. Cal. Nov. 21, 1990) (Order of Dismissal with prejudice); Kurbegovich v. Marshall, No. C 91-0038 TEH (N.D. Cal. Apr. 10, 1991) (Order granting Defendant's Motion to Dismiss); Kurbegovich v. Reagan, No. C 91-1166 TEH (N.D. Cal. June 24, 1991) (Order dismissing Complaint); Kurbegovich v. Marshall, No. C 91-3625 TEH (N.D. Cal. Feb. 26, 1991) (Order of Dismissal with prejudice); Kurbegovich v. Marshall, No. C 91-3822 TEH (N.D. Cal. Nov. 26, 1991) (same); Kurbegovich v. Marshall, No. C 93-4189 TEH (N.D. Cal. Dec. 6, 1993) (Order denying Plaintiff's request to proceed in forma pauperis and dismissing Complaint); Kurbegovich v. Marshall, No. C 94-0487 TEH (N.D. Cal. June 29, 1994) (same); Kurbegovich v. FBI Deputy Director, et. al., No. C 04-2887 TEH (N.D. Cal. Nov. 1, 2004) (Order of Dismissal); Kurbegovich v. FBI Deputy Director, et. al., No. C 04-3155 TEH (N.D. Cal. Dec. 9, 2004) (Order of Dismissal with prejudice); see also Kurbegovich v. United States Secret Service, No. 04-CV-3847 RSWL-CW (C.D. Cal. Aug. 9, 2004); Kurbegovich v. Deputy Director, No. 04-CV-5662 UA-CW (C.D. Cal. Aug. 4, 2004) (order denying leave to proceed in forma pauperis on grounds of frivolousness).

Plaintiff therefore is advised that, should he choose to refile this case in the Eastern District where venue is proper, he may proceed in forma pauperis under 28 U.S.C. section 1915 only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d

1    715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th

2    Cir. 1998).

3         The clerk shall transfer this matter and terminate all

4    pending motions as moot.

5

6

7         IT IS SO ORDERED.

8

9

10   DATED     05/27/09

     THELTON E. HENDERSON
11   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   G:\PRO-SE\TEH\CR.09\Kurbegovich-09-2203-transfer.wpd

27

28                                    4